**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTONIO AYALA AYALA,

          Petitioner,

  v.

PAMELA BONDI, Attorney General,

          Respondent.

No. 24-1943

Agency No.
A208-055-621

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025[**]
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

    Antonio Ayala Ayala, a citizen of Mexico, petitions for review of a decision

by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order

by an immigration judge ("IJ") denying his application for cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252. "[W]e review only the [BIA's]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision, except to the extent that it expressly adopts the IJ's opinion." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) (citation omitted). We deny the petition.

1.     The BIA agreed with the IJ that Ayala failed to demonstrate that his removal would impose the requisite "exceptional and extremely unusual hardship" to his daughter, a United States citizen. 8 U.S.C. § 1229b(b)(1)(D). We have jurisdiction to review this determination as a mixed question of fact and law, but because "this mixed question is primarily factual," our "review is deferential." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024). Moreover, "[t]he facts underlying any determination on cancellation of removal" are "unreviewable." *Id.*

To establish the requisite "exceptional and extremely unusual hardship," Ayala "must prove that his citizen relatives would suffer hardship substantially beyond that which would ordinarily be expected to result from" his removal. *Chete Juarez v. Ashcroft*, 376 F.3d 944, 949 n.3 (9th Cir. 2004) (internal quotation marks omitted). "[I]n evaluating hardship, the BIA considers the ages, health, and circumstances of qualifying relatives." *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (internal quotation marks omitted).

At the time of the 2019 hearing, Ayala's daughter was 18 years old, attending college, a good student, and in good health. Petitioner has other family in the United States, including his wife, aunt, sister, and brothers. The agency

acknowledged the daughter's past mental health issues but found that those issues were years in the past and not likely to recur. Although Ayala currently provides financial support to his daughter, the agency found his wife—who intends to remain in the United States—could return to work. The agency found that Ayala had substantial assets—including a fully paid-off home and multiple cars—that could be sold if needed to support his daughter. The agency also found that Ayala's daughter could apply for financial aid to pay her college tuition. The agency permissibly determined that these "established facts" did not "satisfy the statutory eligibility standard." *Wilkinson*, 601 U.S. at 225.

Ayala contends that the agency failed to properly consider various "positive equities" in evaluating his claim, including his consistent employment in the United States for 30 years and lack of a serious criminal record. However, the agency denied cancellation based solely on the finding that he had not shown his daughter would suffer "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D). Ayala does not explain how these "positive equities" have any bearing on this hardship determination.

2.   Ayala argues the agency abused its discretion by failing to terminate or administratively close his removal proceeding. But, as the government contends, he failed to raise this argument to the BIA, so it is unexhausted, and it is therefore not properly before the Court. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550

(9th Cir. 2023).

**PETITION FOR REVIEW DENIED**.